Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Gomez, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Canam Steel Corporation, a Maryland corporation,<br><br>Defendant. | Case No. CV-26-03080-PHX-DWL<br><br>**FIRST AMENDED COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Victor Gomez ("Plaintiff"), individually and on behalf of all others similarly situated for his First Amended Complaint against Canam Steel Corporation ("Canam") alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against Canam for its unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

("FLSA") and its unlawful failure to pay wages due in violation of the Arizona wage laws, A.R.S. § 23-350, *et seq*. ("Arizona Wage Statute").

2. For at least three (3) years prior to the filing of this action, Canam had and continues to have a consistent policy and practice of suffering or permitting employees to work off the clock, including Plaintiff, in excess of forty (40) hours per week, without paying them proper overtime compensation as required by federal and state wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of himself and all similarly situated current and former employees who worked for Canam and performed work off the clock without compensation (the "Class"). Plaintiff and all similarly situated current and former employees who may opt-in pursuant to 29 U.S.C. § 216(b) seek liquidated damages.

3. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties and damages owed to Plaintiff and all others similarly situated. For collective action purposes, the proposed class consists of:

> All current and former Canam employees who performed work off the clock without compensation as part of their job duties during the last three years ("Collective Action Members").

4. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid compensation and treble damages resulting from Canam's violations of the Arizona Wage Statute. For class action purposes, the proposed class consists of:

> All current and former Canam employees who performed work off the clock without compensation in Arizona as part of their job duties from May 1, 2023 to the present ("Arizona Class Members").

5. Plaintiff intends to request the Court to authorize notice to all similarly situated persons informing them of the pendency of the action and their right to "opt-into"

this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation and liquidated damages under federal law.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by Canam in this District.

9. The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving rise to this Complaint occurred in this District.

10. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

11. Plaintiff and the other similarly situated Steel Associates are employees as defined in 29 U.S.C. § 203(e)(1) and A.R.S. § 23-350(2) and are non-exempt employees under 29 U.S.C. § 213(a)(1).

12. At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350(3) and a "person" under 29 U.S.C. § 213(a)(1).

13. At all relevant times, Defendant employed individuals involved in steel manufacturing, fabrication and production-related services, such as welders, machine

operators, crane operators, general machines, in Arizona, including Plaintiff Victor Gomez and those persons similarly situated to Plaintiff who are members of the putative Collective Action and Class Action Class (collectively referred to as "Steel Associates").

14. At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## III. PARTIES

15. At all times relevant to the matters alleged herein, Plaintiff Victor Gomez resided in the State of Arizona in Maricopa County.

16. Plaintiff has been a full-time, non-exempt employee of Canam from approximately June or July 2023 until the present.

17. During Plaintiff's employment with Canam, he has been paid an hourly wage most recently of $22.42 per hour. In addition, Plaintiff is paid shift differentials and non-discretionary production bonuses.

18. Pursuant to 29 U.S.C. § 216(b), attached to and filed with the in initial Complaint at Doc. 1-1 is the Consent to Become Party Plaintiff, signed by the above-named Representative Plaintiff, Victor Gomez, opting him into this lawsuit.

19. Defendant Canam is a corporation formed in Maryland with its principal place of business at 4010 Clay Street, P.O. Box 285, Point of Rocks, Maryland 21777. Canam is authorized to do business in Arizona.

## IV. FACTUAL BACKGROUND

20. Canam is a service-oriented manufacturer of highly engineered steel products consisting of open web steel joists and a variety of steel deck products. Canam owns and operates six manufacturing facilities throughout the country, including one in Arizona.

21. Canam hires numerous employees like Plaintiff to provide operational support to deliver value-driven services tailored to the clients' specific requirements, including precise detailing, expert steel fabrication, and dependable project support.

22. Plaintiff has been employed by Canam from approximately June or July 2023 until the present. During his tenure for Canam, he started working as a welder and is now a machine operator.

23. As a non-exempt Steel Associate, Plaintiff currently works as a machine operator at Canam's location in Buckeye, Arizona.

24. Canam requires Plaintiff to perform duties before the start of his shift without receiving compensation for it, even when the time in recorded.

25. According to Canam's policy, Plaintiff is required to arrive at least fifteen minutes prior to the start of his shift and don mandatory protective gear necessary to perform his job.

26. Plaintiff performs his duties in shifts that last between eight to nine hours. Typically, on Mondays through Fridays, Plaintiff starts his work for Canam at around 2:45 p.m. When he arrives at work, he dons mandatory personal protective equipment necessary to begin his work. He then starts his paid shift at 3 p.m. None of the work he performs prior to the start of his shift at 3 p.m. is compensated. He then concludes his shift between 11 p.m. and 12 a.m. at which time his compensation stops. He then performs the mandatory duty of taking off his protective gear which on occasion will entirely occur after his shift concludes and can take 10-15 minutes. None of the work he performs following the completion of his scheduled shift is compensated.

27. Plaintiff is paid his hourly rate only for the nine-hour period he is considered by the company to be on the clock (less a 30-minute lunch period).

28. Plaintiff and the Steel Associates perform unpaid work before the start of each shift, including donning personal protective equipment ("PPE"), such as gloves, lens/eye protection, helmet, welding jacket, apron or sleeves, leather straps to protect shoes or even specific protective shoes. This PPE is required by the company to ensure the safety of the Steel Associates. After donning his PPE, Plaintiff is then considered ready to begin his shift by performing stretches at the moment the bell rings indicating the start of his shift.

29. Donning of PPE is required to be completed before Plaintiff's shift starts. While he is allowed to punch in 15 minutes early when he is donning his protective gear, Canam then deducts any time beyond his scheduled shift time and he does not receive compensation for this time.

30. Plaintiff routinely works in excess of forty (40) hours per week as part of his regular schedule, many hours for which he was required to work off the clock.

31. Plaintiff works at least 42-43 hours during the typical work week while employed at Canam. Of those hours, Plaintiff typically only received compensation for approximately 40 hours.

32. Much of Plaintiff's off-the-clock work is performed in workweeks in which he worked in excess of forty (40) hours per week.

33. Despite working overtime, Plaintiff is not paid proper overtime wages at a rate of one and one half times his regular rate of pay for all hours worked over forty in a work week.

34. Canam also fails to timely pay Plaintiff and the other similarly situated Steel Associates all the wages which they are due in violation of the Arizona Wage Statute.

35. For example, Plaintiff is paid a shift differential of $2.00 per hour for working the night shift in addition to non-discretionary production bonuses. However, Canam does not factor the shift differential and non-discretionary bonuses into Plaintiff's regular rate of pay for purposes of calculating overtime wages for all hours worked over 40 in a work week.

36. Plaintiff's pay statement for February 6, 2026 indicates that he worked 40 hours of regular time and 1.63 hours of overtime (which does not include the off-the-clock time spent donning and doffing his protective gear). Plaintiff was paid his regular hourly rate of $22.42 for his regular time. However, Plaintiff also was paid a shift differential of $2.00 for every hour worked and a production bonus of $274.92, which was not properly factored into his regular rate of pay resulting in the incorrect overtime rate. In addition, he was not paid overtime for the time he worked off-the-clock.

37. Plaintiff's duties, hours and compensation are indicative of the similarly situated Class.

38. Plaintiff is aware that the other members of the Class were similarly not paid for hours they worked off-the-clock, including time spent donning and doffing their protective gear.

39. Canam's improper policies and compensation practices applied to Plaintiff and the similarly situated Class he will represent.

40. The Class is uniformly subject to the same unlawful compensation practices that Plaintiff is subject to during his employment at Canam.

41. Canam has willfully violated and continues to willfully violate federal and Arizona wage and hour statutes and regulations with the intent to deprive the Class of part of their wages.

## V. COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings his claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of himself and others similarly situated, properly defined as:

> All current and former Canam employees who performed work off the clock without compensation as part of their job duties during the last three years ("Collective Action Members").

43. Canam's illegal overtime wage practices were widespread with respect to the proposed Class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

44. Canam's overtime wage practices were routine and consistent. Throughout the Class Period, the Class regularly was not paid the proper overtime wage despite working in excess of forty hours per week.

45. The Class performed the same or similar job duties as Plaintiff. Moreover, the Class regularly worked more than forty hours in a workweek. Accordingly, the

employees victimized by Canam's unlawful practices are similarly situated to Plaintiff in terms of employment and pay provisions.

46. Canam's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of others employed by Canam.

47. The specific job titles or precise job requirements of the various members of the collective action do not prevent collective treatment. The Class, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) at the proper overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI. CLASS ACTION ALLEGATIONS

48. The state law claims under the Arizona Wage Statute are brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3). The class is defined as:

> All current and former Canam employees in Arizona who performed work off the clock without compensation as part of their job duties from May 1, 2023 to the present ("Arizona Class Members").

49. Throughout the Class Period, Canam has employed a large number of Steel Associates. The Class is therefore so numerous that joinder of all members is impracticable. Members of the Class can readily be identified from business records maintained by Canam.

50. Proof of Canam's liability under the Arizona Wage Statute involves factual and legal questions common to the class. Whether Canam's paid Class members the proper wages due in accordance with A.R.S. §§ 23-351, 23-353, 23-355 is a question common to all Class members.

51. Like Plaintiff, all Class members worked without being paid the statutorily required overtime wage and regular wage. Plaintiff's claim is therefore typical of the claims of the class.

52. Plaintiff has no interest antagonistic to those of other Class members and has retained attorneys who are knowledgeable in wage and hour and class action litigation. The interests of Class members are therefore fairly and adequately protected.

53. This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

54. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Arizona Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources. Further, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the Class to individually redress the wrongs done to them.

55. Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class members. Although the amount of damages may differ by individual, they are objectively ascertainable and can be easily calculated.

## VII. CAUSES OF ACTION

### COUNT ONE
### COLLECTIVE ACTION FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Properly Pay Overtime Wages - FLSA - 29 U.S.C. § 207; Brought Against Defendant by Plaintiff Gomez Individually and on Behalf of the Collective Action Members)**

56. Plaintiff, on behalf of himself and all Collective Action Members, incorporates by reference all of the above allegations as though fully set forth herein.

57. Plaintiff and the Collective Action Members are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

58. Defendant paid Plaintiff and the Collective Action Members on an hourly basis, and they were and are all entitled to the overtime protections of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 201, *et seq*.

59. At all relevant times, Defendant has been, and continues to be, subject to the overtime provisions of the FLSA because its employees are engaged in commerce and Defendant has annual revenues in excess of $500,000.

60. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

61. Defendant failed to comply with 29 U.S.C. § 207 because Plaintiff and the Collective Action Members worked for Defendant in excess of forty hours per week, but Defendant failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

62. Plaintiff and other similarly situated Steel Associates performed work causing them to work in excess of forty (40) hours in certain workweeks.

63. This work was performed at Defendant's direction and/or with Defendant's knowledge.

64. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Collective Action Members all wages due including overtime premiums for all hours accrued beyond forty (40) in a workweek and to pay such amounts at the correct overtime rate.

65. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

66. At all relevant times, Defendant willfully, regularly, and repeatedly failed, and continues to fail to make, keep, and preserve accurate time records required by the FLSA with respect to Plaintiff and the other similarly situated Steel Associates, including records determining the wages and hours of employment pertaining to Plaintiff and the similarly situated Steel Associates.

67. As a result of the willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld overtime wages from Plaintiff and Collective Action

Members. Accordingly, Defendant is liable to Plaintiff and the Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a. Certify the claim set forth in Count One above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly, non-exempt Steel Associates, who worked for Defendant during the last three years in Arizona, informing them of their right to file consents to join the FLSA portion of this action;

b. Designate Plaintiff Gomez as the Representative Plaintiff of the Collective Action and undersigned counsel as the attorneys representing the Collective Action Members;

c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Collective Action Members of Defendant's alleged wage and hour violations; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT TWO**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE**
**(Failure to Timely Pay Wages Due, A.R.S. § 23-350 *et seq.*; Brought Against Defendant by Plaintiff Gomez Individually and on Behalf of the Arizona Class Members)**

68. Plaintiff, on behalf of himself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

69. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

70. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

71. Defendant is aware that, under A.R.S. §§ 23-351-353, it was obligated to timely pay all wages due to Plaintiff and the Arizona Class Members, including regular wages and overtime.

72. Defendant failed to timely pay Plaintiff and the Arizona Class Members wages he was due without a good faith basis for withholding wages.

73. Defendant has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

74. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a. Certify the state law claim set forth in Count Four above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designate Plaintiff Gomez as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

c. Award Plaintiff and all similarly situated employees compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 *et seq*.;

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## DEMAND FOR JURY TRIAL

75. Plaintiff, on behalf of himself and all others similarly-situated, hereby demands trial of his claims by jury to the extent authorized by law.

DATED: June 10, 2026

**FRANKEL SYVERSON PLLC**
By *s/ Patricia N. Syverson*
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

**FRANKEL SYVERSON PLLC**
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
*Attorneys for Plaintiff*